UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KIERAN KING,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA SOUTHERN UNIVERSITY and JOSHUA CAGE BARKER, in his individual and official capacities,<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Kieran King sues Georgia Southern University and Joshua Cage Barker, respectfully showing the Court as follows:

### INTRODUCTION

1. In this 42 U.S.C. §1983 case, Georgia Southern University ("GSU") police officer Joshua Cage Barker illegally arrested King for allegedly possessing marijuana with intent to distribute, possessing drug related paraphernalia, possessing a firearm/knife in the commission of certain crimes, and carrying weapons within certain school areas. King was arrested for the crimes of others

because he was listed as a resident of the dorm room where the illegal activities were found. King told GSU police that he no longer stayed in the room and had requested a room change multiple times due to the illegal activity, but was ignored by GSU. Ignoring this information, they arrested him anyway and locked him up for three days. He brings this action to recover for the deprivation of his civil rights and his injuries.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Kieran King is an adult citizen of the United States. By filing this Complaint, he avails himself of this Court's jurisdiction and venue.

3. Defendant Georgia Southern University is a Georgia corporation located in Statesboro, Bulloch County, Georgia 30460. Its actions here were willful, malicious, and corrupt; it intended to injure King. It may be served with process at Georgia Southern University Office of Legal Affairs 1005 Marvin Pittman Bldg., P.O. Box 8020 Statesboro, Georgia 30460.

4. Defendant Joshua Cage Barker is an officer employed by Georgia Southern University. His actions here were willful, malicious, and corrupt; he intended to injure King. He may be served with process at the Georgia Southern

University Office of Public Safety PO Box 8072, Statesboro, GA 30458, or wherever else he may be found and served.

5. King provided the State of Georgia and Georgia Southern University with proper *ante litem* notice under Georgia law. He has satisfied all prerequisites for his claims here.

6. This Court has subject-matter jurisdiction under 28 U.S.C §§1331 and 1343(a)(3)–(4) because this case arises under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution. At all relevant times, the Defendant acted under color of the statutes, ordinances, regulations, customs, and usages of the State of Georgia. The Court has supplemental jurisdiction over King's state-law claims under 28 U.S.C. §1367.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in the Bulloch County, Georgia, which is within the Southern District of Georgia. Venue is proper in this Division under Local Rule 2.1(B)(3) because King resides here, and his claims arose here.

## FACTUAL BACKGROUND

8. On October 18, 2016, King was called to his dorm room by GSU Officer Barker.

9. King arrived at his room to find that he was being arrested for illegal activities occurring in his room.

10. King attempted to explain to Officer Barker that he no longer resided in that dorm room and had spent many weeks couch-surfing with friends to separate himself from the illegal activities in his room.

11. King further explained that he sent multiple requests to GSU Housing for a room change so that he could get away from the illegal activity. But his requests were ignored.

12. Officer Barker did not care about King's explanation nor the fact that none of the marijuana or firearms were on King's person at the time of the arrest. King was listed as a resident of the dorm room and was thus arrested for the crimes committed in the room.

13. King was officially charged with possession of marijuana with intent to distribute–felony; possession of drug related paraphernalia–misdemeanor; possession of firearm/knife in the commission of certain crimes–felony; and

carrying weapons within certain school areas–felony. He was taken to the Bulloch County jail and held on a $15,000.00 bond. King stayed in jail for three days, until his mother paid a $1,500 property bond on October 21, 2016.

14. On January 9, 2017, a true bill was issued against King by a Grand Jury in Bulloch County.

15. After hiring a criminal attorney, who presented evidence of King's requests to GSU to be moved from that dorm room, Catherine Findley, Assistant District Attorney of Bulloch County, filed a Nolle Prosequi Order for all charges against King. The Nolle Prosequi Order was signed on June 20, 2017 by Bulloch County Superior Court Judge William E. Woodrum stating that "Kieran King has been exonerated of all criminal responsibility by co-defendants."

16. The unlawful arrest of King caused him to have to hire a criminal defense attorney costing him approximately $8,000.00; he had to attend a hearing at GSU before he was allowed to return to school—the hearing panel allowed him to return to school after finding that he had not committed any violation of laws or school rules; and his family had to take out loans and borrow from family approximately $10,000.00 for his criminal defense.

## LEGAL LIABILITY

### Count I
### Fourth Amendment Violation Under 42 U.S.C. §1983

17.     King incorporates the paragraphs above into this Count.

18.     King has a Fourth Amendment right to be free of unreasonable seizures. U.S. Const. IV ("The right of the people to be secure in their persons, … papers, and effects against unreasonable searches and seizures, shall not be violated"). Officer Barker and GSU had fair warning of that right, which was clearly established when they violated it.

19.     By arresting King without even arguable probable cause, Officer Barker and GSU are liable under §1983 because they intentionally committed acts, acting under color of law, that violated King's Fourth Amendment rights.

20.     No reasonable officer could have believed that King had committed any crimes that he was charged with. Any reasonable officer would have known that, under clearly established law, there was no probable cause to arrest King. Arresting King was objectively unreasonable. The Defendants knew or should have known that officers may not arrest a person for crimes they did not commit and had previously admitted knowledge of in an attempt to separate themselves from them.

21. As a direct and proximate result of GSU and Officer Barker's wrongful conduct, King suffered unlawful arrest, detention, anguish, embarrassment, humiliation, stress, and anxiety, and will continue to suffer damages.

### Count II
### Malicious Prosecution
### (Officer Barker in His Individual Capacity)

22. King incorporates the paragraphs above into this Count.

23. Officer Barker instituted and continued the criminal prosecution of King with malice and without probable cause. That prosecution terminated in King's favor.

24. As a direct and proximate result of Officer Barker's wrongful conduct, King has suffered and will continue to suffer damages.

### Count III
### False Arrest

25. King incorporates the paragraphs above into this Count.

26. Officer Barker arrested King under process of law with malice and without probable cause.

27. GSU created the possibility for King to be arrested for crimes he was not committing by ignoring his requests for a room change.

28. As a direct and proximate result of Officer Barker and GSU's wrongful conduct, King has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

King respectfully prays for relief as follows:

    (a) That the Court award his compensatory damages on all counts where they are recoverable.

    (b) That the Court award his punitive damages, including under O.C.G.A. §51-12-5.1.

    (c) That the Court award his attorney's fees, litigation expenses, and costs, including under 42 U.S.C. §§1920 and 1988 and O.C.G.A. §13-6-11.

    (d) That the Court award his any other relief necessary to do justice.

## JURY DEMAND

King demands a jury trial on all issues so triable.

Dated:  January 5th, 2018.

Respectfully submitted,

/s/ *J. Kendall Gross*
J. Kendall Gross
Attorney for Plaintiff
State Bar No. 313542

J. Kendall Gross, PC
Post Office Box 695
Metter, Georgia  30439
(912) 685-4619 Telephone
(912) 685-4619 Telecopier
kendall@jkendallgross.com